# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI CHAVEZ-DEREMER, Secretary of Labor, United States Department of Labor,<br><br>   Plaintiff,<br><br> v.<br><br>OBS USA, INC., *et al.*,<br><br>   Defendants. | Case No. 8:25-cv-711-JWH-ADS<br><br>**PRELIMINARY INJUNCTION RE: SECTION 11(c) RECORDKEEPING** |

Plaintiff Lori Chavez-DeRemer, Secretary of Labor, U.S. Department of Labor ("Secretary") has filed a Complaint against Defendants OBS USA, Inc. ("OBS"); Food Source, LLC ("Food Source"); K-Foods Investment, Inc. ("K-Foods"); JBC Source, Inc. ("JBC"); LLCB Source, Inc. ("LLCB"); LLCR Source, Inc. ("LLCR"); Christina Kyeonghee Kim ("Kim"); and Robert Warren Daniels ("Daniels") (collectively, "Defendants"), alleging that Defendants violated, *inter alia*, the recordkeeping provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 211(c) & 215(a)(5), and FLSA provisions requiring payment of tips and minimum and overtime wages, 29 U.S.C. §§ 203(m)(2)(B), 206, 207, & 215(a)(2). The Parties hereby stipulate to the following facts and injunction regarding Defendants' violation of Section 11(c) & 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) & 215(a)(5), pending full resolution of this matter:

## STIPULATIONS BY THE PARTIES

A.    Defendants acknowledge that they and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Stipulated Preliminary Injunction.

B.    Defendants admit that at all relevant times, Defendants OBS, Food Source, K-Foods, JBC, LLCB, LLCR, Daniels, and Kim operated food service establishments at The Source OC Mall in Orange County, California, and that these activities constituted an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

C.    Defendants admit that at all relevant times, Defendants OBS, Food Source, K-Foods, JBC, LLCB, LLCR, Daniels, and Kim were employers of employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

D.    Defendants admit that on at least some occasions, certain Defendants failed to keep and preserve accurate records for at least some of their employees and of the wages, hours, and other conditions and practices of employment as

PRELIMINARY INJUNCTION RE:  SECTION 11(c) RECORDKEEPING
Case No. 8:25-cv-711-JWH-ADS                                                                 Page 2

required under and 29 C.F.R. Part 516 in violation of Section 11(c) & 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) & 215(a)(5).

E.    Defendants acknowledge that the failure to keep and preserve accurate records required by the FLSA could hinder the Secretary's ability to detect wage violations and compute minimum and overtime back wages owed to Defendants' employees, if any, in this litigation.

Based on the Parties' stipulations and Defendants' admissions, the Court FINDS that, if Defendants' conduct is not immediately rectified, Defendants' employees, Defendants' law-abiding competitors, and the Secretary—who was authorized by Congress to enforce the FLSA in the public interest—will be irreparably harmed. Thus, the Court hereby ENTERS the following Stipulated Preliminary Injunction:

## PRELIMINARY INJUNCTION

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1.    Pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and Rule 65 of the Federal Rules of Civil Procedure, Defendants, their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with the previously listed individuals, are **PRELIMINARILY ENJOINED** and **RESTRAINED** from violating the provisions of the FLSA, in any of the following manners:

a.    Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as required by Sections 11(c) & 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) & 215(a)(5), and the implementing regulations found in 29 C.F.R. Part 516, and to make such records available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access.  Defendants shall produce payroll and employee time records, in addition to employee contact

information, to the U.S. Department of Labor upon its request. This includes records of those employees whom Defendants pay on a salary basis. Defendants shall record in Defendants' pay records all hours worked by each employee in the pay period reflected by such pay record. The U.S. Department of Labor maintains its authority to conduct investigations independent of this Order.

      b.     Defendants shall maintain all timecards (or other timekeeping records) and payroll records for a period of not less than three years. If any changes are required to correct employee hours on time records, records of the changes shall be maintained for a period of not less than three years. Defendants shall not request, require or otherwise cause employees to sign inaccurate time records.

      c.     Defendants shall not destroy (or alter without maintaining records of such alteration) any time or pay records reasonably anticipated to be relevant to this case, including any time and pay records created after November 15, 2019, until not less than three years after a final order in this case has issued.

      d.     Defendants are enjoined from moving funds outside of their business accounts other than to pay necessary business expenses such as employees' wages, suppliers, and rents.

      e.     Defendants are enjoined from transferring any interest in, sale, or encumbrance of any of Defendants' real estate properties without providing at least sixty (60) days' notice to the Secretary.

2.     Pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and Rule 65 of the Federal Rules of Civil Procedure, Defendants, their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or

participation with the previously listed individuals, shall take the affirmative actions:

   a.   Defendants shall procure and install a time clock, or a similar computer-based electronic timekeeping system, at all locations of businesses operated by Defendants (or certify that such system has already been installed) and ensure that each employee uses this timekeeping system to accurately record the time the employee:

      i.   begins work each day by clocking/punching in as soon as the employee enters the worksite;

      ii.   begins any uninterrupted work-free meal period of 30 minutes or more by clocking/punching out at the beginning of the meal period;

      iii.   ends any uninterrupted work-free meal period of 30 minutes or more by clocking/punching in at the end of the meal period; and

      iv.   ends work each day by clocking/punching out just before the employee leaves the worksite.

3.   Within seven (7) days of each pay date following the entry of this Preliminary Injunction and Order (starting with the first such pay date following such entry), Defendant Christina Kyeonghee Kim shall send (or cause to be sent) all time and pay records relating to that pay date for all employees of Defendants to the Department of Labor.  Such records may be sent to the undersigned counsel for the Secretary via email or via an alternate mechanism agreed upon by the Parties.

4.   Within fourteen (14) days of the entry of this Preliminary Injunction and Order, Defendants shall enclose with all employees' paychecks the attached Exhibit 1—Notice of Rights in English, Spanish, and Korean, which is incorporated in and made part of this Preliminary Injunction and Order, and shall

post the notice in a place that is visible to all employees at each business operated by Defendants.  Defendants shall provide a copy of Exhibit 1 upon hire to all future employees at each business operated by Defendants.

5.     This Preliminary Injunction shall take effect immediately and shall remain in effect until the final disposition of this matter at which time the Court will determine whether to convert this Preliminary Injunction to a Permanent Injunction.

6.     No security bond shall be required under Rule 65(c) of the Federal Rules of Civil Procedure

**IT IS SO ORDERED.**

Dated: _____March 25, 2026_____

_____
Hon. John W. Holcomb
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

## <u>Exhibit 1 – Notice of Rights</u>

**To Employees of OBS USA, Inc., Food Source, LLC, K-Foods Investment, Inc., JBC Source, Inc., LLCB Source, Inc., LLCR Source, Inc., and BOCH Management, Inc.:**

The U.S. Department of Labor has filed a lawsuit against the companies listed above, Christina Kyeonghee Kim, and Robert Warren Daniels, in the U.S. District Court for the Central District of California. The Court has ordered that Defendants provide you this Notice.

**Under federal law, you have the right to**:

- Be paid at least the minimum wage for each hour you work.
- Be paid an overtime rate for each hour you work over 40 in a workweek (1.5 times your regular hourly rate).
- Have your employer keep accurate records of the hours you work, and
- Not be retaliated against or intimidated for complaining about pay or working conditions.

To ensure that your employer keeps accurate records of <u>all</u> hours you work, the Court has ordered your employer to ensure that all employees – <u>including all chefs or cooks</u> – use a timecard or other timekeeping system. This is to make sure that your employer pays you for all hours that you work, including overtime hours.

The Department of Labor's lawsuit asks the Court to order OBS USA, Inc., Food Source, LLC, K-Foods Investment, Inc., JBC Source, Inc., LLCB Source, Inc., LLCR Source, Inc., and BOCH Management, Inc., to pay their employees wages and tips owed for work performed since November 2022. If you believe that you are owed wages by these employers, you may contact the Department of Labor at:

Wage and Hour Division
U.S. Department of Labor
770 The City Drive S, Suite 5710
Orange, CA 92868-4954
Investigators Maribel Tapia (714-235-4912) and In Park (213-430-9371)

Your employer may not retaliate against, intimidate, or attempt to influence or in any way threaten you for providing information to the Department of Labor.

## Anexo 1 – Aviso de Derechos

**A los empleados de OBS USA, Inc., Food Source, LLC, K-Foods Investment, Inc., JBC Source, Inc., LLCB Source, Inc., LLCR Source, Inc., y BOCH Management, Inc.:**

El Departamento de Trabajo de los Estados Unidos ha presentado una demanda contra las empresas enumeradas anteriormente, Christina Kyeonghee Kim, y Robert Warren Daniels, en el Tribunal de Distrito de los Estados Unidos para el Distrito Central de California. El Tribunal ha ordenado que los Demandados le entreguen este Aviso.

**Bajo la ley federal, usted tiene derecho a:**

- Recibir al menos el salario mínimo por cada hora trabajada.
- Recibir una tarifa de horas extras por cada hora que trabaje mas de 40 en una semana laboral (1.5 veces su tarifa por hora regular).
- Que su empleador mantenga registros precisos de las horas que usted trabaja, y
- No ser objeto de represalias ni intimidación por quejarse sobre el pago o las condiciones de trabajo.

Para garantizar que su empleador mantenga registros precisos de todas las horas que usted trabaja, el Tribunal ha ordenado a su empleador asegurar que <u>todos</u> los empleados- <u>incluyendo a todos los chefs o cocineros</u>- utilicen una tarjeta de asistencia u otro sistema de registro de horarios. Esto es para asegurar que su empleador le pague por todas las horas que trabaje, incluidas las horas extras.

La demanda del Departamento de Trabajo solicita al Tribunal que ordene a OBS USA, Inc., Food Source, LLC, K-Foods Investment, Inc., JBC Source, Inc., LLCB Source, Inc., LLCR Source, Inc., y BOCH Management, Inc., pagar a sus empleados los salarios y propinas adeudados por el trabajo realizado desde noviembre de 2022. Si usted cree que estos empleadores le deben salario, puede comunicarse con el Departamento de Trabajo en:

Wage and Hour Division
U.S. Department of Labor
770 The City Drive S, Suite 5710
Orange, CA 92868-4954
Investigadores Maribel Tapia (714-235-4912) y In Park (213-430-9371)

Su empleador no puede tomar represalias, intimidar, intentar, influir, o de ninguna manera amenazarle por proporcionar información al Departamento de Trabajo.

## 법적 증거 모든 직원에게 해당되는 법적 공지문

OBS USA, Inc., Food Source, LLC, K-Foods Investment, Inc., JBC Source, Inc., LLCB Source, Inc., LLCR Source, Inc., and BOCH Management, Inc.:

미국 연방 노동부는 캘리포니아 중부 지방 법정에 위에 나열된 회사들과 Christina Kyeonghee Kim 과 Robert Warren Daniels 를 상대로 소송을 제기했습니다. 법정은 피고인들에게 이 공지문들 모든 직원에게 제공하도롤 멸령했습니다.

**연방 법에 따라, 모든직원들은 다음과 같은 권리를 가지고 있습니다:**

- 근무한 시간에 따라 최저 임금 이상을 받을 권리
- 근무 주에 40 시간이상을 근무하였을때 근무한 시간에 대해 연방 최저임금과 시간초과 수당(정규 시급의 1.5 배)을 받을 권리
- 고용주로부터 근무 시간을 정확하게 기록하도록 하고,
- 급여나 근무 조건에 대해 불만을 제기했을 때 보복이나 위협을 받지 않도록 권리.

고용주가 직원들이 일한 모든 시간을 정확하게 기록하도록 하기 위해, 법원은 고용주에게 모든 직원들이 – 모든 셰프나 요리사를 포함하여 – 타임카드나 다른 시간 기록 시스템을 사용하도록 명령했습니다. 이는 고용주가 당신이 일한 모든 시간, 초과 근무 시간을 포함하여, 급여를 지급하도록 보장하기 위한 것입니다.

노동부의 소송은 법원에 2022 년 11 월 이후 수행된 업무에 대해 직원들에게 미지급된 임금과 팁을 지급하도록 명령할 것을 요청합니다. 만약 귀하가 이 고용주들로부터 임금을 받지 못했다고 생각하면, 아래 노동부에 연락할 수 있습니다:

Wage and Hour Division
U.S. Department of Labor
770 The City Drive S, Suite 5710
Orange, CA 92868-4954
Investigators Maribel Tapia (714-235-4912) and In Park (213-430-9371)

고용주는 노동부에 정보를 제공한 것에 대해 보복, 위협 또는 영향을 미치려 하거나 어떠한 방식으로든 귀하를 위협할 수 없습니다.